**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., Plaintiff | § | |
| v. | § | NO. 4:18-cv-00476 ALM |
| HTC CORPORATION, Defendant. | § | |

**DEFENDANT HTC CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant HTC Corporation ("HTC") answers Plaintiff's Complaint for Patent Infringement ("the Complaint") filed on July 5, 2018, by Plaintiff Virginia Innovation Sciences ("VIS") as follows and demands a trial by jury on all issues so triable. Unless specifically admitted below, all allegations in the Complaint are denied.

## PRELIMINARY STATEMENT

HTC denies that service of process on HTC purportedly effectuated under the laws and regulations of Taiwan was proper. On October 10, 2018, VIS filed a proof of service signed on September 17, 2018, including an affidavit from Chi-Wei Chai contending that "service was made properly in conformity with Taiwan law and usual practices and customs." The declaration was executed on October 8, 2018 and stated that service was effectuated on September 11, 2018. Dkt. No. 5. For purposes of this case only, and without conceding in any form that the procedures undertaken by VIS to attempt to serve HTC in Taiwan are deemed proper, HTC agreed to waive any objections to service of process in this case only in exchange for VIS's agreement to an extension of time to respond to the Complaint.

## ANSWER

1. HTC admits that Plaintiff purports to allege a civil action arising under the patent laws of the United States, Title 35 of the United States Code, but denies that the claim has any merit. To the extent that any other allegations may be expressed or implied in this paragraph HTC denies such allegations.

2. HTC is informed and believes VIS at the time of the filing of the Complaint was an intellectual property licensing corporation. HTC lacks sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and on that basis denies those allegations.

3. HTC admits that HTC Corporation is a Taiwanese company that maintains a principal place of business in Taoyuan City, Taiwan. HTC admits that HTC Corporation manufactures products in Asia and HTC America, Inc. distributes products in the United States, some of which may have been offered for sale, sold, purchased, and/or used in the state of Texas. HTC otherwise denies the allegations set forth in Paragraph 3.

## JURISDICTION AND VENUE

4. HTC admits that Plaintiff purports to allege a civil action arising under the patent laws of the United States, Title 35 of the United States Code, but denies that the claim has any merit. To the extent that any other allegations may be expressed or implied in this paragraph, HTC denies such allegations.

5. HTC admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). To the extent that any other allegations may be expressed or implied in this paragraph's text, HTC denies such allegations.

6. HTC denies that venue is proper in this district and further denies that this district is the most convenient or appropriate forum for this action. HTC reserves its right to move to transfer venue in the underlying action to a more convenient judicial district. HTC Corp. admits it is a foreign corporation. HTC denies the remaining allegations in this paragraph.

7. HTC admits that this Court has personal jurisdiction over HTC for purposes of this action and the counterclaims set forth herein only. Except as expressly admitted, HTC denies the remaining allegations of this paragraph.

## THE ASSERTED PATENTS

## COUNT 1 - INFRINGEMENT OF U.S. PATENT NO. 9,912,983

8. HTC refers to and incorporates its answers to each preceding paragraph of the Complaint above as if fully set forth herein.

9. HTC admits that U.S. Patent No. 9,912,983 ("the '983 patent") is, on its face, entitled "Method and System for Efficient Communication." HTC admits that a purported copy of the '983 Patent is attached to the Complaint as Exhibit 1. HTC admits that the cover page of Exhibit 1 states that its issue date is March 6, 2018. HTC denies that the '983 Patent is valid and enforceable. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

10. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

11. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

12. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

13. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

14. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

15. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

16. HTC admits that this paragraph identifies that the "Accused Instrumentalities" include "the HTC U11 and U12 smartphones." HTC denies that it has committed any acts of patent infringement. Except as expressly admitted, HTC denies all remaining allegations of this paragraph.

17. HTC admits that this paragraph and its subparts purport to recite at least parts of Claim 22 of the '983 Patent. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

18. HTC admits that this paragraph and its subparts purport to recite at least parts of Claim 25 of the '983 Patent. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

19. HTC denies the allegations of this paragraph.

20. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

21. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

22. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

23. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

24. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

25. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

26. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

27. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

28. HTC denies the allegations of this paragraph.

29. HTC denies the allegations of this paragraph.

30. HTC denies the allegations of this paragraph.

31. HTC denies the allegations of this paragraph.

32. HTC denies the allegations of this paragraph.

33. HTC denies the allegations of this paragraph.

## COUNT II - INFRINGEMENT OF U.S. PATENT 9,942,798

34. HTC refers to and incorporates its answers to each preceding paragraph of the Complaint above as if fully set forth herein.

35. HTC admits that U.S. Patent No. 9,942,798 ("the '798 patent") is, on its face, entitled "Method and System for Efficient Communication." HTC admits that a purported copy of the '798 Patent is attached to the Complaint as Exhibit 2. HTC admits that the cover page of Exhibit 2 states that its issue date is April 10, 2018. HTC denies that the '798 Patent is valid and

enforceable. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

36. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

37. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

38. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

39. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

40. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

41. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

42. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

43. HTC admits that this paragraph identifies that the "Accused Instrumentalities" include "the HTC U11 and U12 smartphones." HTC denies that it has committed any acts of patent infringement. Except as expressly admitted, HTC denies all remaining allegations of this paragraph.

44. HTC admits that this paragraph and its subparts purport to recite at least parts of Claim 1 of the '798 Patent. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

45. HTC denies the allegations of this paragraph.

46. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

47. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

48. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

49. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

50. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

51. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

52. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

53. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

54. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

55. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

56. HTC denies the allegations of this paragraph.

57. HTC denies the allegations of this paragraph.

58. HTC denies the allegations of this paragraph.

59. HTC denies the allegations of this paragraph.

60. HTC denies the allegations of this paragraph.

61. HTC denies the allegations of this paragraph.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,729,918**

62. HTC refers to and incorporates its answers to each preceding paragraph of the Complaint above as if fully set forth herein.

63. HTC admits that U.S. Patent No. 9,729,918 ("the '918 patent") is, on its face, entitled "Method and System for Efficient Communication." HTC admits that a purported copy of the '918 Patent is attached to the Complaint as Exhibit 3. HTC admits that the cover page of Exhibit 3 states that its issue date is August 8, 2017. HTC denies that the '798 Patent is valid and enforceable. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

64. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

65. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

66. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

67. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

68. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

69. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

70. HTC admits that this paragraph identifies that the "Accused Instrumentalities" include "the HTC U11 and U12 smartphones." HTC denies that it has committed any acts of patent infringement. Except as expressly admitted, HTC denies all remaining allegations of this paragraph.

71. HTC admits that this paragraph and its subparts purport to recite at least parts of Claim 1 of the '918 Patent. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

72. HTC admits that this paragraph and its subparts purport to recite at least parts of Claim 9 of the '918 Patent. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

73. HTC admits that this paragraph and its subparts purport to recite at least parts of Claim 99 of the '918 Patent. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

74. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

75. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

76. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

77. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

78. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

79. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

80. HTC denies the allegations of this paragraph.

81. HTC denies the allegations of this paragraph.

82. HTC denies the allegations of this paragraph.

83. HTC denies the allegations of this paragraph.

84. HTC denies the allegations of this paragraph.

85. HTC denies the allegations of this paragraph.

## DEMAND FOR JURY TRIAL

86. Plaintiff's jury demand does not require a response, but HTC admits that Plaintiff demands a trial by jury on all issues. HTC also demands a trial by jury.

## PRAYER FOR RELIEF

Responding to Plaintiff's prayer for relief, HTC denies that Plaintiff is entitled to any relief whatsoever in this action from HTC, either as prayed for in its Complaint or otherwise. To the extent that these portions of Plaintiff's Complaint are viewed as containing factual allegations, HTC lacks information sufficient to form a belief as to the truth or falsity of any allegations within this portion of the Complaint and therefore denies them.

## DEFENSES AND AFFIRMATIVE DEFENSES

HTC alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the

affirmative defenses described below, HTC specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

HTC does not infringe and has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the any of the patents-in-suit, either directly, contributorily, by inducement, jointly, willfully, or in any other matter.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

Plaintiff's claims are barred because each and every asserted claim of the Asserted Patents are invalid for failure to comply with the conditions and requirements for patentability specified in, but not limited to 35 U.S.C. §§ 41, 101, 102, 103, 112, 116, and 282.

**THIRD AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel and Disclaimer)**

Plaintiff's patent infringement claims are barred, in whole or in part, based on prosecution history estoppel and/or prosecution disclaimer. HTC has not infringed, and is not infringing, the asserted claims of the Asserted Patents at least due in part to statements, representation, admissions, elections, positions, concessions, and filings made to the U.S. Patent and Trademark Office during prosecution of the applications that matured into the Asserted Patents that, in part or collectively, constitute prosecution history estoppel and/or prosecution disclaimer barring Plaintiff from asserting the asserted claims of the Asserted Patents in this case. In addition, during prosecution of the Asserted Patents the applicant narrowed the scope of the claims for reasons related to patentability, thereby surrendering subject matter it now seeks to recover to the extent it accuses HTC of infringement under the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE**
**(Judicial Estoppel)**

Plaintiff's patent infringement claims are barred, in whole or in part, based on judicial estoppel. The asserted claims of the Asserted Patents are invalid or unenforceable, and HTC has not infringed, and is not infringing, the asserted claims of the Asserted Patents at least due in part to statements, representation, admissions, elections, positions, concessions, and filings made by Plaintiff in prior judicial or administrative proceedings.

**FIFTH AFFIRMATIVE DEFENSE**
**(Res Judicata, and/or Collateral Estoppel)**

Plaintiff's claims, and issues relating to those claims, are barred, in whole or in part, as a result of adjudications on the merits of other judicial or administrative proceedings involving the Asserted Patents.

**SIXTH AFFIRMATIVE DEFENSE**
**(License and/or Patent Exhaustion)**

Plaintiff's patent infringement claims are barred, in whole or in part, under the doctrines of express license, implied license, and/or patent exhaustion.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Limitation on Damages)**

Plaintiff's alleged damages are limited, because Plaintiff has not satisfied the requirements for obtaining damages under 35 U.S.C. §§ 286 and 287, and the limitations period further bars past damages claims.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Government Sales)**

Plaintiff's remedies are limited by 28 U.S.C. § 1498(a).

**NINTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state any claim against HTC upon which relief can be granted.

**TENTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

Plaintiff's claims are barred due to lack of standing.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Misjoinder of Parties)**

Plaintiff is misjoined in this action to the extent that they are seeking to enforce rights that exist independent of one another and have no apparent link to one another.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

HTC reserves the right to add any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

DATED: December 7, 2018

PAUL HASTINGS LLP

By: */s/ Yar R. Chaikovsky*

Yar R. Chaikovsky
yarchaikovsky@paulhastings.com
Philip Ou
philipou@paulhastings.com

1117 S. California Avenue
Palo Alto, California 94304-1106
Telephone: 1(650) 320-1800
Facsimile: 1(650) 320-1900

Harry Lee Gilliam, Jr.
gil@gillamsmithlaw.com
Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: 1(903) 934-8450
Facsimile: 1(903) 934-9257

Attorneys for Defendant
HTC CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 7th day of December, 2018. As of this date all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Yar R. Chaikovsky*
Yar R. Chaikovsky