**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br>Plaintiff,<br>v.<br><br>HTC CORPORATION,<br>Defendant | Civil Action No.4:18-cv-00476-ALM<br>***Consolidated Lead Case*** |
| INNOVATION SCIENCES, LLC,<br>Plaintiff,<br>v.<br><br>HTC CORPORATION,<br>Defendant | Civil Action No.4:19-cv-00752-ALM<br>***Member Case*** |
| HTC CORPORATION,<br>HTC AMERICA, INC.,<br>Plaintiffs<br><br>v.<br><br>INNOVATION SCIENCES, LLC,<br>Defendant | Civil Action No.4:20-cv-00180-ALM<br>***Member Case*** |

## JOINT CLAIM CONSTRUCTION STATEMENT PURSUANT TO P.R. 4-3

Pursuant to P.R. 4-3 and the Court's Amended Scheduling Order, Plaintiff Innovation

Sciences, LLC ("Innovation" or "Plaintiff") and Defendant HTC Corporation ("HTC" or

"Defendant")[1] hereby submit the Parties' Joint Claim Construction Statement.

---

[1] The Parties dispute whether HTC America, Inc. ("HTCA"), a subsidiary of Defendant HTC Corporation, is a party to any of these consolidated actions.  HTCA is not a named Defendant in Civil Actions 4:18-cv-476 or 4:19-cv-752.  HTCA was a declaratory judgment Plaintiff in the original declaratory judgment action by HTC and HTCA in the Eastern District of Virginia, later transferred to this Court as Civil Action 4:20-cv-180.  The declaratory judgment complaint was thereafter amended to remove HTCA from this Action. 4:20-cv-180, Dkt. No. 44.  Plaintiff has moved to strike the amended complaint, and the dispute between the parties has been fully briefed, as set forth in 4:18-cv-476, Dkt. Nos. 79, 80, 82 and 85.

## I.      P.R. 4-3(a) Agreed Claim Construction

The parties have not agreed to any constructions for U.S. Patent No. 9,912,983 ("the '983 Patent"); 9,729,918 ("the '918 Patent"); 9,942,798 ("the '798 Patent"); or 10,104,425 ("the '425 Patent") (collectively, the "Patents-In-Suit").  However, the parties have met and conferred as required by P.R. 4-2(c) and have reduced the number of terms for which they seek construction in an effort to streamline the claim construction proceedings.  The parties will continue to discuss possible agreed constructions.

## II.     P.R. 4-3(b) Disputed Claim Construction

Pursuant to P.R. 4-3(b), the chart attached as Exhibit 1 to this Joint Statement contains disputed patent claim terms, phrases, or clauses for which the parties propose different constructions.

Exhibit 2 provides Plaintiff's identification of extrinsic and intrinsic evidence supporting its proposed constructions, as required by P.R. 4-3(b). In addition to the intrinsic and extrinsic evidence identified in Exhibit 2, Innovation also identifies the prosecution histories of the patents in suit and related patents and applications as additional intrinsic evidence.

Exhibit 3 provides Defendant's identification of extrinsic and intrinsic evidence supporting their proposed constructions, as required by P.R. 4-3(b).  In addition to the intrinsic and extrinsic evidence identified in Exhibit 3, HTC also identifies the prosecution histories of the Patents-in-Suit and related patents and applications as additional intrinsic evidence.

The parties rely on the intrinsic evidence as a whole relating to the asserted patents.  Each side reserves the right to rely on any intrinsic or extrinsic evidence identified by the other side and any evidence that may be obtained through claim construction discovery.  The parties'

proposed claim constructions are subject to change as claim construction discovery progresses and the parties brief the issues.  Each party reserves the right to supplement or amend its supporting evidence based on newly identified evidence.

### III.     P.R. 4-3(c) Length of Claim Construction Hearing

Pursuant to P.R. 4-3(c), the parties request 2 hours total, 60 minutes per side, for the claim construction hearing.

### IV.     P.R. 4-3(d) Live Witness Testimony at Claim Construction Hearing

Innovation's Position:

Innovation may have its expert, Mr. Joseph C. McAlexander, III, provide a declaration or testimony at the claim construction hearing addressing the following subjects: (i) that Innovation's proposed constructions are consistent with the understanding that one of ordinary skill in the art would have had of the disputed claim term in light of the intrinsic and extrinsic evidence; (ii) whether certain claim terms as set forth in Exhibit 1 inform, with reasonable certainty, those skilled in the art about the scope of the invention, describe sufficiently definite structure; and (iii) how one skilled in the art would understand the disclosure in the patents, the state of prior art, plain and ordinary meanings of claim terms, and the level of one skilled in the art. By identifying Mr. McAlexander herein, Innovation does not waive any rights and is not precluded from relying on another expert with similar qualifications who may provide a declaration or testimony addressing these issues.

HTC's Position:

HTC may have its expert, Mr. Stephen Gray, provide testimony at the claim construction hearing, consistent with his declaration simultaneously served today pursuant to  P.R. 4-3(b). HTC objects to Plaintiff's reservation of rights to rely on testimony or a declaration from Mr.

McAlexander not timely disclosed pursuant to P.R. 4-3(b), which requires Plaintiff to simultaneously serve a disclosure of expert testimony consistent with Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) or 26(a)(2)(C) for any expert on which it intends to rely to support its proposed claim construction or indefiniteness position or to oppose any other party's proposed claim construction or indefiniteness position.  Plaintiff should not be permitted to present such undisclosed evidence in violation of P.R. 4-3(b).

## V.      P.R. 4-3(e) Other Issues

Innovation's Position:

Should the Court decide that it would like to hear, at the Claim Construction hearing, oral argument on HTC's pending motion for summary judgment that Plaintiff lacks the right to bring suit, Innovation respectfully requests that the Court also hear oral argument on Innovation's pending motion for summary judgment that it owns the patents-in-suit and has the right to sue, which is fully briefed.

HTC's Position:

The Court's schedule permitting and in view of the Parties appearance for the Claim Construction hearing, HTC respectfully requests that time be set aside for the Court to hear oral argument on two motions:

- HTC's pending motion for summary judgment that Plaintiff lacks the right to bring suit under 35 U.S.C. § 262, which was fully briefed in the 4:18-cv-476 action prior to the Court's consolidation of these matters, and is case dispositive.  4:18-cv-474, Dkt. No. 441.

- HTC intends on filing a motion for summary judgment that HTC's accused sales of the Pixel 2 phone, which make up the overwhelming majority of the accused sales in these consolidated actions, occur outside the United States and are not a basis for infringement by HTC under 35 U.S.C. 271(a).  HTC expects the motion will be fully briefed prior to the September 21, 2020 claim construction hearing.  HTC respectfully submits that adjudication of this forthcoming motion will significantly narrow the disputes in these consolidated actions, preserving party and judicial resources.

## VI.    Estimated Pages Needed to Brief Disputed Claim Terms

At this time, the parties anticipate requiring no more than 20 pages for opening and responsive claim construction briefs and 10 pages for the reply claim construction brief.

To the extent new arguments or evidence are raised by Plaintiff in its reply brief, HTC reserves the right to seek leave to file a sur-reply to address said arguments, limited in length to Plaintiff's reply.

Date:   July 30, 2020

Respectfully submitted:

*/s/ Walter D. Davis, Jr.*
Donald L. Jackson
VA Bar No. 42,882 (Admitted E.D. Tex.)
James D. Berquist
VA Bar No. 42,150 (Admitted E.D. Tex.)
Gregory A. Krauss
VA Bar No. 84839 (Admitted E.D. Tex.)
Alan A. Wright
VA Bar No. 46506 (Admitted E.D. Tex.)
Walter D. Davis, Jr.
VA Bar No. 48217 (Admitted E.D. Tex.)
**DAVIDSON BERQUIST JACKSON &
GOWDEY, LLP**
8300 Greensboro Dr., Suite 500
McLean, Virginia 22102
Tel.: (571) 765-7700
Fax: (571) 765-7200
djackson@davidsonberquist.com
jay.berquist@davidsonberquist.com
gkrauss@davidsonberquist.com
awright@davidsonberquist.com
wdavis@davidsonberquist.com

Roger D. Sanders
J. Michael Young
**SANDERS, MOTLEY, YOUNG, AND
GALLARDO, PLLC**
111 S. Travis Street
Sherman, Texas 75090
Tel.: (903) 892-9133
Fax: (903) 892-4302

rsanders@somlaw.net
myoung@somlaw.net

*Attorneys for Plaintiff*
*Innovation Sciences, LLC*


PAUL HASTINGS LLP

By:  /s/  *Philip Ou*
Yar R. Chaikovsky
State Bar No. 175421
Philip Ou
State Bar No. 259896
Bruce S. Yen
State Bar No. 277920
**PAUL HASTINGS LLP**
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:     (650) 320-1800
Facsimile:     (650) 320-1900

Harry L. Gillam, Jr.
TX Bar No. 07921800
**GILLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:     (903) 934-9257
gil@gillamsmithlaw.com

*Attorneys for Defendant*
*HTC CORPORATION*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3).


DATED:  July 30, 2020                    */s/ Walter D. Davis, Jr.*
                                         Walter D. Davis, Jr.