# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, § <br>     Plaintiff, § <br> v. § <br> § <br> HTC, § <br>     Defendant. § | § <br> § <br> § Civil Action No.  4:18-cv-476 <br> § Judge Mazzant <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is HTC's Letter Brief to Compel Plaintiff to Supplement its Response to Interrogatory No. 7.  Having considered the letter, relevant responses, and arguments made during an August 12, 2020 conference, the Court finds the motion should be **GRANTED**.

### BACKGROUND

On September 27, 2019, HTC served Interrogatory No. 7, which asked for Innovation's efforts to comply with the marking requirements of 35 U.S.C. § 287. Specifically:

Identify and Describe in complete detail all of Plaintiff's efforts to comply with the Marking requirements of 35 U.S.C. § 287 and identify any manner of Marking used, the date when such Marking first began, any periods when such Marking ceased or was interrupted, any efforts to enforce or require Marking by current or past licensees of the Patents-in-Suit, and the identity of all Documents by Bates numbers relating to any of the foregoing. Your answer should include an Identification and Description of all knowledge and evidence You have concerning whether:

- . . . LG Electronics, Inc., or any affiliate thereof, marked cell phones or any other wireless communication devices sold in the United States after June 21, 2016, including all cell phones accused of infringement in Your February 8, 2016, Complaint to LG

Electronics, Inc. Va. Innovation Scis., Inc. v. LG Elecs., Inc., No. 1:16-cv-128, Dkt. 1 (E.D. Va. Feb. 8, 2016).

Innovation objected, in part, that it "has no knowledge as to whether any of the products sold by either Samsung or LG fall within the scope of the patents-in-suit." On December 31, 2019, HTC narrowed the focus of its request to only the LG G8, V35, V40, and V50 phones.

On August 11, 2020, HTC submitted a letter brief regarding three discovery disputes. One of those issues was whether Innovation must supplement its response to Interrogatory No. 7. The Court resolved two of the disputes during an August 12 conference and directed further briefing on the marking issue. Innovation submitted a response letter on August 19 and HTC replied on August 24.

## LEGAL STANDARD

Courts, for good cause, may order discovery on any matter relevant to the subject matter in the lawsuit. FED. R. CIV. P. 26(B)(1). Information is relevant if the discovery appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.* The party requesting discovery may move to compel the disclosure of material so long as it is relevant and otherwise discoverable. FED. R. CIV. P. 37.

"[A]n alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). This is a "low bar"; the alleged infringer "need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id.* After the alleged infringer meets this burden, the patentee must then establish that they complied with the statute. *Id.* at 1366.

## ANALYSIS

HTC argues that Innovation should supplement its interrogatory response to identify whether Innovation's licensee, LG, marked the LG G8, V35, V40, and V50 phones because HTC has met its burden under *Arctic Cat*. Innovation disagrees. It responds that the request is (1) unrelated to the current suit because HTC partly relies on arguments made in Innovation's ITC Investigation; (2) Innovation is not "obligated to acquire new knowledge (through product analysis) to respond"; and (3) HTC does not meet the burden established in *Arctic Cat*. These arguments are unpersuasive.

First, the request is related to the current case. In Innovation's ITC Investigation, it asserts that the four identified LG smartphones practice the '425 patent. Innovation maintains that the '425 patent was not at issue when Interrogatory No. 7 was served and thus the ITC Investigation is a red herring. But Innovation's infringement theory in the ITC Investigation is relevant because the '425, '983, and '918 patents are children of the '798 patent and thus have closely related claims. Indeed, Dr. Wong categorized these patents as part of Innovation's core patents on smart home technology, suggesting a close relationship. Wong Deposition, 278:8-25. Therefore, if the specified LG smartphones practice the '425 patent—as Innovation argues to the ITC—then it is reasonable to believe that the same smartphones would practice the closely related, asserted patents.

Second, Innovation is obligated to apply the law to facts to respond to discovery requests. FED. R. CIV. P. 33(a)(2). It is required to "pull together a verified answer by reviewing all sources of responsive information reasonably available." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 283 (N.D. Tex. 2017). While supplementing its response to Interrogatory No. 7 will undoubtedly require some effort, Innovation's analysis should be relatively straightforward as

the asserted patents share overlapping claims with the '425 patent and Innovation already analyzed the '425 patent with regards to these products. Additionally, the same attorneys and experts evaluated the identified LG phones in the ITC proceedings and the relevant patents here, reducing the burden on Innovation. This is a reasonable application of the law to facts.

Third, HTC meets the initial burden of production established in *Arctic Cat*. In *Arctic Cat*, the alleged infringer: (1) introduced a licensing agreement between the patentee and a licensee that covered the asserted patents; (2) identified fourteen products made by the licensee that arguably practiced the asserted patents; and (3) produced expert testimony that if those identified products practice the inventions, then so did the alleged infringer's products. *See* 876 F.3d at 1368-69. Here, HTC introduced the LG licensing agreement that covers Innovation's entire patent portfolio, including the asserted patents. HTC identifies just four specific LG smartphones that HTC believes practice the asserted patents. In support of this belief, HTC points to Innovation's assertion that the identified products practice the '425 patent; the close relationship between the '425 patent and the asserted patents; and Dr. Wong's own statement that she believes LG's smartphones practice all of Innovation's smart home patents. This evidence has the same effect as the expert testimony in *Arctic Cat*: it demonstrates a reasonable basis for the accused infringer's belief that the specified products practice the asserted patents.

HTC has made a showing comparable to what was acceptable in *Arctic Cat*. As a result, Innovation must now establish it complied with 35 U.S.C. §287.

## CONCLUSION

It is therefore **ORDERED** that Innovation supplement its response to Interrogatory No. 7 to identify its efforts to comply with 35 U.S.C. § 287 with regards to the LG G8, V35, V40, and V50 smartphones.

**SIGNED this 29th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE